IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-1770 |
| | § | |
| MARTIN RUBIO, SR., *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff, J&J Sports Productions, Inc., filed a motion for default judgment against defendant, MARTIN RUBIO, SR., a/k/a MARTIN CARRASCO, individually and as an officer, director, shareholder, and/or principal of JAO Enterprises, LLC d/b/a TEXAS COUNTRY COOKIN' BAR & GRILL a/k/a TEXAS COUNTRY COOKING BAR & GRILL a/k/a TEXAS COUNTRY COOKING, and JAO ENTERPRISES, LLC d/b/a TEXAS COUNTRY COOKIN' BAR & GRILL a/k/a TEXAS COUNTRY COOKING BAR & GRILL a/k/a TEXAS COUNTRY COOKING. Defendant has failed to answer the complaint, as required by Fed. R. Civ. P. 12(a)(1), making entry of default proper. Plaintiff has filed affidavits and exhibits in support of its claims for damages and reasonable attorney fees. Notice to the defendant and further hearings are not necessary. FED. R. CIV. P. 55(b)(2).

The plaintiff's submissions establish unauthorized interception and display of a pay-per-view telecast boxing match, which was broadcast either by closed circuit television or

by encrypted satellite signal, in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

The evidence includes an affidavit of the plaintiff's president. It explains that the plaintiff owns the commercial distribution rights to the Cotto/Mosley boxing event held on November 10, 2007. If a commercial establishment was authorized by the plaintiff to receive and broadcast the event, arrangements would be made to allow the establishment to receive an "unscrambled" signal for the broadcast, for a fee. The plaintiff also arranged for auditors to detect establishments that unlawfully exhibited the program. Neither the defendant nor any representative of the defendant purchased the rights to exhibit the boxing match or paid the necessary fee to display it. The defendant intercepted (or assisted in the interception of) the boxing event and displayed it to patrons of the defendant's establishment, TEXAS COUNTRY COOKING. The event was shown to about 23 patrons in an establishment with a capacity of 225. The plaintiff filed this suit. The defendant was served but failed to answer.

## II.    Analysis

Section 605 of the Communications Act governs the "unauthorized publication or use of communications." 47 U.S.C. § 605. An individual violates section 605 by displaying an intercepted communication. Under section 605(e)(3), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages for each violation, in a sum of not less than $1,000.00 or more than $10,000.00. In any case in which the court finds that the violation was committed "willfully" or for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an

amount of not less than $10,000.00 and not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). Costs and fees may be awarded. 47 U.S.C. § 605(e)(3)(B)(iii).

The record establishes that the defendant displayed the boxing match, without authorization, for commercial gain, establishing liability under section 605. Section 605(e)(3)(C)(I)(II) gives the court discretion to determine the amount of statutory damages in the range between $1,000.00 and $10,000.00, for each violation.

Several factors present in this case favor granting the maximum statutory damages of $10,000.00, as requested. The record establishes that defendant broadcast the event using an unlawful device. These factors, the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to plaintiff, and the need for an award sufficient to deter future piracy by defendants and others, weigh in favor of granting maximum statutory damages. The plaintiff has shown the basis for an award of $10,000.00 in damages under section 605(e)(3)(C)(i)(II).

The plaintiff also seeks an award of additional damages. Section 605 states that in any case in which the court finds that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). The record shows that defendant showed the boxing match to patrons at TEXAS COUNTRY COOKING. Based on the undisputed evidence, this court finds a willful violation and awards $25,000.00 additional damages beyond the $10,000.00.

As the prevailing party, the plaintiff is entitled to an award of its costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). The plaintiff has submitted an

affidavit from its counsel supporting an award based on the lodestar fee calculation. The affidavit supports an attorney's fee award in the amount of $716.25. The submission demonstrates that the fees sought are reasonable.

The plaintiff has established its entitlement to judgment in the amount of $10,000.00 in statutory damages; $25,000.00 in enhanced damages; reasonable attorney's fees in the amount of $716.25, and postjudgment interest on all of the above at the rate of 1.69% *per annum*. Final judgment will be entered by separate order.

SIGNED on September 24, 2008, at Houston, Texas.

                                             _____
                                                      Lee H. Rosenthal
                                                 United States District Judge